IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00608-WJM-KLM

SUZY DENNIS,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,
PAUL PAZEN, Chief of Police, in his individual capacity,
JEFFERSON COUNTY COLORADO,
JEFF SHRADER, Jefferson County Sheriff, in his individual capacity,
CITY OF ARVADA,
CITY OF EDGEWATER,
CITY OF GOLDEN,
JOHN & JANE DOES 1-5, in their individual capacities, and
JOHN & JANE DOES 6-10, in their individual capacities,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to File Third Amended Complaint** [#54][1] (the "Motion"). Defendants filed Responses [#65, #68, #69, #70] in opposition to the Motion [#54], and Plaintiff filed Replies [#74, #75, #76, #77]. The Motion [#54] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72(c). *See* [#54]. The Court has reviewed the Motion, the Responses, the Replies, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#54] is **GRANTED**.

---

[1] "[#54]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

- 1 -

Plaintiff filed this lawsuit on March 12, 2022. *Compl.* [#1]. On April 15, 2022, she filed an Amended Complaint [#10] as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A), *see Notice* [#12], and, on June 9, 2022, she filed a Second Amended Complaint [#33], with consent of the opposing parties, pursuant to Fed. R. Civ. P. 15(a)(2), *see Notice* [#30]. On June 23, 24, and 27, 2022, Defendants filed Motions to Dismiss [#37, #39, #43]. On July 28, 2022, Plaintiff filed the present Motion [#54], seeking leave to file a Third Amended Complaint [#54-2]. She asserts that, "[u]pon continuing evaluation of the Second Amended Complaint, partial discovery, and the Motions to Dismiss, it appeared that amendments to the Complaint may be necessary to cure potential deficiencies claimed by Defendants." *Motion* [#54] at 2.

As an initial matter, the deadline to amend pleadings has not yet been set, and therefore Plaintiff's Motion [#54] is timely. Thus, the Court turns directly to the parties' other arguments. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (stating that the Court need only address Fed. R. Civ. P. 16(b)(4) when the amendment request is untimely).

The Court has discretion to grant a party leave to amend her pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)(2)). Here, the primary argument raised by

Defendants in opposition to the Motion [#54] is futility on the basis that Plaintiff's Proposed Third Amended Complaint [#54-2] purportedly fails to cure deficiencies in her claims as asserted in prior versions of her complaint. *See Responses* [#65, #68, #69, #70]. Some Defendants also appear to assert that Plaintiff's current request constitutes undue delay. *See, e.g., Response* [#70] at 4.

Delay is "undue" only if it will place an unwarranted burden on the Court or become prejudicial to the opposing party. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). The Tenth Circuit "focuses primarily on the reason for the delay." *Id.* A motion to amend is untimely if, among other reasons, the moving party has made the complaint a "moving target," is trying to "salvage a lost case by untimely suggesting new theories of recovery," is trying to present more theories to avoid dismissal, or is knowingly waiting until the eve of trial to assert new claims. *Id.* at 1206 (citations omitted). Other common reasons for finding undue delay include lack of adequate explanation for the delay or when a moving party knows or should have known of the facts in the proposed amendment but did not include them in the original complaint or any prior attempts to amend. *Id.* (citations omitted).

"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). The present Motion [#54] was filed less than five months after this lawsuit was filed, and a little over a month after Defendants' Motions to Dismiss [#37, #39, #43]—the first set of Rule 12(b) motions in this case—were filed. The Court finds

that, on the record before it, Plaintiff's request to amend the operative complaint should not be denied on the basis of undue delay.

Defendants further argue that the proposed Third Amended Complaint [#54-2] would not survive a motion to dismiss because it fails to cure deficiencies in the Second Amended Complaint [#33].  *See Responses* [#65, #68, #69, #70].  It is well-settled that a proposed amendment is futile only if the complaint, as amended, would not survive a motion to dismiss.  *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)).  "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true."  *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994).  Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving [it] the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in [its] complaint."  *Id.* (quotations omitted).

The Court is not inclined to delve deeply into the merits of Defendants' arguments here for several reasons.  While futility arguments often can and should be addressed in connection with a motion for leave to amend a complaint, in many situations "futility arguments are better addressed in a Motion to Dismiss."  *Godfrey v. United States*, No. 07-cv-02165-MSK-MEH, 2008 WL 80302, at *2 (D. Colo. Jan. 7, 2008).  This is particularly true where, as here, the Court has not previously addressed the merits of a plaintiff's claims.

The Court finds this situation to be one in which Defendants' arguments would be better addressed elsewhere.  Defendants' arguments rely on a detailed examination of

Plaintiff's current and proposed allegations. On a motion seeking leave to amend, such arguments are generally underdeveloped because the Court lacks the full briefing of a motion, response, and reply regarding the merits of the Rule 12(b)(6) argument. In short, it is not appropriate for the Court to examine the allegations to resolve underdeveloped arguments at this very early stage in the proceedings, i.e., on a motion seeking leave to amend. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Court finds that it is "eminently reasonable to allow Plaintiff to timely amend the [Second Amended] Complaint so as to 'better describe [her] claim[s].'" *Alpern Myers Stuart LLC v. Hartford Casualty Ins. Co.*, No. 11-cv-00176-CMA-KLM, 2011 U.S. Dist. LEXIS 70608, at *3 (D. Colo. June 30, 2011). "Permitting such amendment will benefit both parties and the Court by clarifying the issues in the case." *Id.*

Guided by the rule that amendments pursuant to Rule 15(a) are freely granted, Plaintiff should be afforded the opportunity to test her claims under Rule 12(b)(6). *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by plaintiff[s] may be a proper subject of relief, [they] ought to be afforded an opportunity to test [their] claim on the merits."). The Court makes no comment regarding the sufficiency of the claims in the proposed Third Amended Complaint [#54-2] at this time, because the Court is inclined instead to allow Plaintiff leave to amend and allow the question of whether she has adequately stated claims against Defendants to be decided on a fully-briefed dispositive motion, if any, or at trial. Accordingly, Defendants' futility arguments are rejected, without prejudice, as premature.

For the reasons set forth above, and considering that leave to amend should be freely given, the Court permits Plaintiff leave to file her Third Amended Complaint [#54-2].

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#54] is **GRANTED**.  Plaintiff's Third Amended Complaint [#54-2] is accepted for filing as of the date of this Order.  The Clerk of Court shall docket the Third Amended Complaint [#54-2] as a separate document on the electronic docket.

Dated: October 7, 2022

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge